# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| HAMPTON VENTURES, LLC, | : | Case No. 18-21217 (JJT) |
| | : | |
| DEBTOR. | : | RE: ECF NO. 109 |

## DECISION RE COURT'S ORDER (ECF NO. 109)

On February 11, 2019, the Court ordered counsel for the Trustee and the Objectors, Lucille St. George and Jeffrey Nappo, to consider and brief two issues: (1) whether the Court is required to determine the claimed property rights of the Objectors before the Trustee may move forward with the proposed sale [of 1098-1100 New Britain Avenue, West Hartford, CT ("Property")] and (2) whether such determination must be made in the pending adversary proceeding. The parties have submitted their briefs. After considering the arguments and authorities cited therein, the Court determines that whether the Property is "property of the estate" must be determined in the pending adversary proceeding before the Trustee may sell it.

Addressing the second question first, it is clear that the Objectors' constructive trust claim on the Property is one for which the Court must "determine the validity, priority, or extent of a lien or other interest in property" but does not implicate Fed. R. Bankr. P. 3012 or 4003(d). Fed. R. Bank. P. 7001(2). Accordingly, the claim must be determined in the pending adversary proceeding, not in the course of deciding the motion to sell free and clear.

Turning to the first question, although there is agreement among the Court and the parties that a bona fide dispute exists concerning the Objectors' interest in the Property, 11 U.S.C. § 363(b)(1) makes clear that the Trustee may only sell "property of the estate[.]" Section 363(f)(4) allows a sale free and clear of another entity's interest in property of the estate if "such

interest is in bona fide dispute" but § 363(f) explicitly subjects itself to § 363(b). Therefore, the threshold question this Court faces is not whether the Property is subject to a bona fide dispute but whether it is even property of the estate at all. In answering that question, the Court aligns with the decisions of this Court made by Judge Krechevsky in *In re Claywell*, 341 B.R. 396 (Bankr. D. Conn. 2006) and Judge Weil in *In re Interiors of Yesterday, LLC*, 2007 WL 419646 (Bankr. D. Conn. 2007) and their progeny. Contrary to the Trustee's assertions, such a determination does not write § 363(f)(4) out of the statute because, as noted by the Trustee, a different sale could take place if a bona fide dispute does not call into question whether the estate has any interest in the first place, such as where there are joint tenants, tenants in common, tenants by the entirety, or various liens. The Trustee's argument that he should be able to sell his legal interest in the Property without the equitable interest is unpersuasive because such an interest may actually be worthless.

In order to expedite matters, the Court will continue to hear evidence on the motion for sale as scheduled on February 26, 2019 prior to the trial in the adversary proceeding, which is scheduled to start on March 4, 2019, but will not rule on the motion for sale until the conclusion of the adversary proceeding and only if the Objectors are not found to be the 100% owners of the Property.

Dated at Hartford, Connecticut this 22nd day of February 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut