**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: ) | CASE NO. | 18-21217 (JJT) |
| ) | | |
| HAMPTON VENTURES, LLC, ) | CHAPTER | 7 |
| DEBTOR. ) | | |
| ) | RE: ECF NOS. | 60, 62, 81, 83, 92 |
| ANTHONY S. NOVAK, TRUSTEE, ) | | |
| MOVANT ) | | |
| ) | | |
| V. ) | | |
| ) | | |
| TOWN OF WEST HARTFORD TAX ) | | |
| COLLECTOR; WEBSTER BANK, ) | | |
| N.A.; STATE OF CONNECTICUT, ) | | |
| DEPARTMENT OF ECONOMIC AND ) | | |
| COMMUNITY DEVELOPMENT; ) | | |
| LUCILLE ST. GEORGE; AND ) | | |
| JEFFREY NAPPO, ) | | |
| RESPONDENTS. ) | | |
| ) | | |

**RULING AND ORDER UNDER 11 U.S.C. § 363(f)**
**APPROVING AND AUTHORIZING CLOSING AND PROPERTY**
<u>**SALE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**</u>

The Court has considered the Motion to Sell Property Free and Clear of Liens pursuant to 11 U.S.C. § 363(f) ("Motion," ECF No. 60), Notice of Proposed Sale ("Notice," ECF No. 62), and Notice of Higher Offer (ECF No. 81) filed by the Chapter 7 Trustee ("Trustee") of Hampton Ventures, LLC ("Hampton Ventures") for an order: (i) authorizing the sale ("Sale") of a multi-tenant office building with 14 tenants under lease located at 1098-1100 New Britain Avenue, West Hartford, Connecticut 06110 ("Property"), along with related assets, free and clear of liens, claims, interests, and encumbrances (collectively, "Interests"); (ii) authorizing payment to its mortgage lender, Webster Bank, N.A. ("Webster Bank"), along with real estate taxes and reasonable and

customary transaction costs at the Closing; (iii) authorizing the ratification and modification of the subject Commercial Real Estate Purchase Contract ("Contract"); and (iv) granting ancillary relief. Creditors and claimants Lucille St. George and Jeffrey Nappo have filed an objection to the Motion ("Objection," ECF No. 83), and the Trustee has filed a responsive memorandum thereto ("Response," ECF No. 92).

The Court held hearings ("Hearings") on the Motion, Objection, and Response on February 7, February 13, February 26, March 1, and March 6, 2019 to approve the Property's Sale and transfer of title to Juniper Homecare, LLC ("Juniper"), at which time all parties-in-interest were afforded an opportunity to be heard.[1] Having considered the evidence in the record concerning the relief sought and all of the pleadings and briefs filed by the Trustee, Ms. St. George, and Mr. Nappo, as well as the arguments presented during the hearings, and after due deliberation and for good cause shown, the Court:

HEREBY **FINDS** AND **DETERMINES** THAT:

    I.    JURISDICTION, FINAL ORDER AND STATUTORY PREDICATES

a. This Court has jurisdiction to hear and determine this matter and to grant the relief requested in the Motion and this order ("Order") pursuant to 28 U.S.C. §§ 157(b)(1) and 1334.

b. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

c. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

---

[1] Upon the parties' request, the Court incorporated the trial record of *St. George v. Hampton Ventures, LLC* ("Adversary Proceeding," Case No. 18-02093) and the Trustee's Objection to Claim 6 (ECF Nos. 87–88) with the hearing record on the Motion. The Court conducted the trial in the Adversary Proceeding on March 4–6, 2019.

d.  The statutory predicates for the relief sought are 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure ("FRBP") 2002 and 6004.

II.  NOTICE, MOTION AND HEARINGS

e.  To provide timely notice of the Motion and Hearings, copies of the Notice were transmitted by first-class mail or electronic transmission to all parties-in-interest, including Ms. St. George, Mr. Nappo, the Connecticut State Department of Economic and Community Development ("DECD"), the Town of West Hartford, Webster Bank, and other parties that have recorded Interests in the Property or related assets, as evidenced by the Certificate of Notice (ECF No. 70) and affirmed on the record in this proceeding.

f.  Under the circumstances of this Chapter 7 bankruptcy case and proceeding, notice was adequate, sufficient, and complied with the various applicable requirements of the Bankruptcy Code, the FRBP, the Court's local rules, and the procedural due process requirements of the U.S. Constitution. All parties-in-interest were afforded a reasonable opportunity to object or to be heard with respect to the Motion, the Contract, the Sale, and this Order.

III.  SALE APPROVAL AND PROPERTY TRANSFER FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

g.  The real property to be sold herein is 1098-1100 New Britain Avenue, West Hartford, Connecticut 06110. As laid out in the Contract, the additional related assets to be conveyed at the Closing include: all fixtures located on the Property, the title insurance policy, existing leases, rent roll and identification of tenants, and a schedule of income and expenses ("Sale Assets"). The Chapter 7 bankruptcy estate includes the Property and Sale Assets, and the Chapter 7 bankruptcy estate is vested with record title thereto.

h. For the reasons set forth in the Motion and the Hearings, the Trustee has articulated good, sufficient and sound business reasons and exigencies for the Sale to occur promptly according to the Notice, Motion, and this Order. The Sale is reasonable and appropriate and represents, under the circumstances, the best method for maximizing the return to Hampton Ventures' Chapter 7 bankruptcy estate and its creditors. Among other things, the Closing on this Sale permits the Chapter 7 bankruptcy estate to fully satisfy secured and administrative claims and provide a dividend to pre-petition unsecured creditors.

i. Webster Bank has consented to the Sale and the Closing under 11 U.S.C. § 363(f). The Sale was previously subject to a bona fide dispute under 11 U.S.C. § 363(f)(4) with Ms. St. George and Mr. Nappo (*See* ECF No. 121), which claim this Court has adjudicated to be without merit in its Memorandum of Decision (ECF No. 134). Pursuant to 11 U.S.C. § 363(f)(5), the DECD, which has not objected to the Sale, could be compelled to accept a money satisfaction of its liens if not paid in full, and the Sale proceeds are otherwise sufficient to satisfy all bona fide liens under 11 U.S.C. § 363(f)(3).

j. The Contract's terms for the purchase of the Property and Sale Assets, including the consideration set forth therein, represent fair value and are within the range of reasonableness under the circumstances of this Chapter 7 case and proceeding.

k. This Sale appropriately enables the Trustee, without undue delay, to monetize the Chapter 7 bankruptcy estate's assets within a reasonable period of time as required by 11 U.S.C. § 704(a)(1).

l. Further, the disposition and closing of this transaction mitigates the risks that the Chapter 7 bankruptcy estate will be unable to fund, operate, or sufficiently maintain the Property or its mechanical systems in good order throughout the remaining winter season.

m. In the exercise of his reasonable business judgment, the Trustee has:

1. Retained the services of a recognized licensed commercial real estate broker, Berkshire Hathaway New England Properties Commercial Group ("Berkshire Hathaway"), to list and market the Property under customary terms and through appropriate media for a $774,900.00 listing price;[2]

2. Secured a broker's price opinion from Berkshire Hathaway of approximately $774,900.00;

3. Weighed a third-party appraisal secured by an early bidder, reflecting a $485,000.00 valuation;[3]

4. Measured his offers against the Town of West Hartford's assessment value of $545,700.00, which the Town of West Hartford calculates at 70% of the Property's fair market value;

5. Received five (5) competitive bids from interested parties demonstrating competitive market interest between $475,000.00 and $725,000.00; and

6. Obtained reasonable, customary, and favorable terms in the Contract for an "As Is" sale, notwithstanding the building's age, condition, and limitations.

n. The Trustee will transfer the Sale Assets listed in ¶¶ 3 and 18 of the Contract to Juniper at the Closing. To the extent that the Sale Assets include personal property, such as contract rights, tenant security deposits, and general intangibles, the Trustee is authorized to convey such personal property as part of the Property to be conveyed through the Sale.

---

[2] In the pre-petition period, the Property was marketed by a commercial real estate broker at $750,000.00 for at least a year to no avail.
[3] While the appraisal is in part suspect, its methodology suggests the low range of market valuation.

o. The Trustee is authorized to transfer the Property and Sale Assets to Juniper, pursuant to 11 U.S.C. § 363(f), free and clear of all liens, claims, interests, and encumbrances, as set forth below, pursuant to the terms and conditions of the Contract and according to this Order.

p. Except as otherwise provided in the Motion, the Property and Sale Assets shall be sold, transferred, and delivered to Juniper at the Closing on an "As Is, Where Is" or "With All Faults" basis.

q. The Sale shall expressly exclude the following asset transfers to Juniper, and the Hampton Ventures' Chapter 7 bankruptcy estate shall expressly retain all right, title, claim, and interest in: (i) cash, cash equivalents on hand, deposits in banks or financial institutions, and any accounts receivable and accounts payable associated with the Property prior to the Closing; (ii) any tangible and intangible personal property owned by Hampton Ventures' principal located on or used by the Property, unless expressly included in the Contract; (iii) any tax refunds, rebates, deposits, or credits attributable to the period before the Closing; (iv) all insurance policies, prepaid premiums, and existing insurance claims accrued before the Closing; (v) all of Hampton Ventures' company seals, organizational documents, minute books, financial books and records, and banking records; and (vi) any and all causes of action,[4] including those arising under Chapter 5 of the Bankruptcy Code.

r. Based upon the record, the 11 U.S.C. § 363(f) provisions have been satisfied, and the Property and Sale Assets shall be transferred to Juniper at Closing, upon satisfaction of the conditions provided for in this Order, free and clear of the following Interests:

---

[4] To the extent that there may be causes of action for additional rents or expenses allegedly owed by tenants pursuant to extant leases that will be transferred to Juniper, the Trustee may quitclaim all such rights to Juniper for additional fair consideration upon supplemental motion approved by this Court.

6

    i.    Inchoate real estate tax lien of approximately $25,000.00 plus accrued interest in favor of the Town of West Hartford for all real estate taxes due and owing;[5]

    ii.    Mortgage from Hampton Ventures to Webster Bank in the original amount of $465,000.00, which was dated January 6, 2011 and recorded on January 10, 2011 in Volume 4553, Page 287 of the West Hartford Land Records including an Assignment of Leases and Rent Security Agreement;

    iii.    Financing statement in favor of Webster Bank, which was recorded on January 10, 2011 and recorded in Volume 4553, Page 309 of the West Hartford Land Records;

    iv.    UCC liens or financing statements filed by Webster Bank with the Secretary of State, Lien Filing No. 002793486 filed on January 10, 2011 and Lien Filing No. 003095775 filed on December 30, 2015;

    v.    UCC liens or financing statements for $29,336.70 plus accrued interest filed by the DECD with the Secretary of State, Lien Filing No. 0002925672 filed on March 21, 2013 and Lien Filing No. 003214999 filed on December 4, 2017; and

    vi.    *Lis pendens* filed by Ms. St. George and Mr. Nappo and recorded on April 7, 2014 in Volume 4844, Page 453 of the West Hartford Land Records relating to a pre-petition constructive trust claim in *St. George v. Hampton Ventures, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-14-6050185-S.

---

[5] The Town of West Hartford's taxes shall be paid at the Closing with appropriate adjustments between the Trustee and Juniper according to the local real estate custom and practice in Hartford County, Connecticut.

s. Unless the Interest holders have agreed to other treatment, their liens, claims, interests, or encumbrances shall attach to the Sale proceeds with the same force, effect, validity, and priority that previously existed against the Property and Sale Assets.

t. The Contract and the Sale are approved, subject to the conditions provided in this Order, as they are in the best interests of Hampton Ventures, its secured and unsecured creditors, and the Chapter 7 bankruptcy estate.

IV.    SALE TERMS

u. The Trustee, on behalf of the Chapter 7 bankruptcy estate of Hampton Ventures, possesses the full corporate power and authority to execute and deliver to Juniper all documents reasonably necessary to consummate the Sale contemplated by the Contract for the purchase price of $725,000.00 and has taken all corporate action necessary to authorize and approve the Contract and the Sale contemplated therein. The Trustee is not required to receive the consent of any other third party to consummate the Sale, except as otherwise provided by this Order. The Trustee shall promptly file a fully executed copy of the Contract, and any amendments, upon this Court's docket.

v. <u>Time is of the essence.</u> The Closing of the Sale may be conducted no earlier than two (2) business days after the docket entry of this Order and no later than April 21, 2019, pursuant to the Contract ¶ 7, unless mutually extended by the Trustee and Juniper in a stipulation approved by this Court.

w. Juniper's nonrefundable $25,000.00 earnest money deposit ("Deposit"), as represented at the Hearings and as set forth in the Contract, is hereby approved. The Trustee shall retain the Deposit as liquidated damages should the Sale fail to close due to Juniper's default. Juniper's remedies upon the Trustee's default are as specified in the Contract ¶ 12.

x. The following backup bid is approved, upon the same terms and conditions as the Contract, to the extent it is in effect, ratified, or confirmed in a signed writing prior to any Closing: Deerfield JAR, LLC for $650,000.00. The Debtor is authorized to sell the Property and Sale Assets to Deerfield JAR, LLC as a backup buyer, pursuant to the terms and conditions of this Order, or its subsequent modification, should Juniper fail to timely consummate the Sale.

y. In the event that neither party closes this Sale, the Trustee shall file a "Certificate of No Closing" upon this Court's docket within three (3) business days of the last scheduled Closing date.

V. JUNIPER'S GOOD FAITH

z. Juniper is acquiring the Property in good faith and qualifies as a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and is therefore entitled to the protection afforded under that provision. Juniper has provided the highest and best offer among the competitive offers.

aa. Juniper is not a successor to or insider of Hampton Ventures, as defined under 11 U.S.C. § 101, and is not liable on any of Hampton Ventures' debts under such theories.

bb. Juniper proceeded in good faith in all respects connected to the Sale and this proceeding in that, among other things: (i) all payments to be made by Juniper and other agreements Juniper entered into in connection with this Sale as set forth in the Contract have been disclosed; (ii) Juniper has not violated 11 U.S.C. § 363(n) by any action or inaction; (iii) Juniper has proceeded in this transaction fairly with all deliberate speed, responsiveness, and cooperation; and (iv) the provision of the payments by Juniper under the Contract and

Order will enhance the prospect that Hampton Ventures' creditors receive a payment on their allowed claims.[6]

cc. The Contract and its subsequent modification between the Trustee and Juniper have been negotiated, proposed, and entered into by both parties without collusion or fraud, in good faith, and from an arm's length bargaining position.

VI.   COURT'S JURISDICTIONAL RETENTION

dd. It is necessary and appropriate for this Court to retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order and the Contract, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including to: (i) compel the Property's and Sale Assets' delivery to Juniper; (ii) resolve any matters or disputes that arise or relate to the Contract's implementation by this Court; and (iii) resolve any disputes regarding liens, claims, interests, or encumbrances asserted against the Property or Sale Assets.

VII.   CONCLUSIONS OF LAW

BASED ON THE FOREGOING, IT IS HEREBY **ORDERED** AND **ADJUDGED** AS FOLLOWS:

1) The relief requested in the Motion, the Notice, and at the Hearings is **GRANTED**, and any objections thereto that have not been otherwise withdrawn, waived, or settled are **OVERRULED**. The Contract and Sale are hereby **APPROVED** in all respects, as modified by this Order.

2) Upon the uncontested evidence in the record, Juniper is found to have the financial resources and ability to close the Sale.

---

[6] Notwithstanding potential challenges to some of the claims of record, there are significant and presumptively valid secured, unsecured, and administrative claims to be addressed in this case. *See* 11 U.S.C. § 502(c); FRBP 3001(f).

3) The Trustee is authorized and directed to take any and all customary actions reasonably necessary or appropriate to: (a) promptly consummate the Sale transfer to Juniper according to the Contract and this Order; (b) perform, consummate, implement, and close fully on the Sale referenced within the Contract and undertake any action that may be reasonably customary, necessary, or appropriate to implement this Order and the Contract; and (c) perform the obligations contemplated by this Order and the Contract, including all actions consistent therewith as reasonably requested by Juniper in regard thereto.

4) Upon Closing, the Property and Sale Assets transferred, sold, and delivered to Juniper shall be free and clear of the Interests, and such Interests shall attach to the Sale proceeds in the same priority order that the Interests held before the Closing, to the extent such Interests are in effect, valid, enforceable, and unavoidable.

5) Pursuant to 11 U.S.C. § 363, FRBP 7070, and Federal Rule of Civil Procedure 70, as of the Closing, this Order shall divest Hampton Ventures and its Chapter 7 bankruptcy estate of all right, title, and interest in and to the Property and Sale Assets.

6) Juniper is not a successor to Hampton Ventures or its Chapter 7 bankruptcy estate by reason of any theory of law or equity, and Juniper shall not assume, or in any way be responsible or liable for, any liability or obligation of Hampton Ventures or its Chapter 7 bankruptcy estate, except as otherwise expressly provided in the Contract, a closing document, or this Order.

7) The Sale contemplated by the Contract and the Order has been undertaken by Juniper in good faith, as defined under 11 U.S.C. § 363(m), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall

not affect its validity unless such authorization is duly stayed pending such appeal before the Closing. Juniper is entitled to all of the protections afforded by 11 U.S.C. § 363(m).

8) The Trustee, and any escrow agent, upon the Trustee's written instruction, shall be authorized to make such disbursements at the Closing of the Sale as are required by the Contract or this Order, including, but not limited to: (a) all pre-petition real property taxes and outstanding post-petition real property taxes pro-rated as of the Closing related to the Property; (b) all state or local conveyance fees or taxes, transfer fees or taxes, and any customary closing costs and expenses associated with the Property Sale; and (c) a set-aside of funds, pending further order of this Court, up to $2,500.00 for the Trustee's closing attorney for costs and attorney's fees. The Trustee is further authorized to pay, in good funds from the Sale proceeds, the following undisputed liens or claims at the Closing: (a) Inchoate tax lien(s) to the Town of West Hartford to satisfy the real estate taxes, and (b) Mortgage and UCC liens to Webster Bank to satisfy the Note and the Mortgage. The Trustee shall immediately place the remaining Sale Proceeds in a segregated escrow account or other facility satisfactory to this Court.

9) Within seven (7) days of the Closing, the Trustee shall file upon this Court's docket a "Certificate of Closing" specifying the Closing's date, time, and place and attach a Closing Statement summarizing the gross Sale proceeds, any adjustments, and any disbursements made at or connected to the Closing, and the amount of the net proceeds to be held by the Trustee in escrow pending further order(s) of this Court.

10) This Order: (a) is and shall be effective at Closing as a determination that all Interests existing as to the Property and Sale Assets have been, and hereby are, adjudged and declared to be unconditionally released, discharged, and terminated as of the Closing, and

(b) shall be binding upon and govern the acts of all entities, including: all filing agents and officers; title agents and companies; mortgage and deed recorders; registrars of deeds; administrative agencies or units; governmental departments of units; Secretaries of State; federal, state, and local officials; and all other persons or entities who may be required by operation of law, duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who are required to report or insure any title or state of title in or to the Property or Sale Assets conveyed to Juniper. All recorded Interests as of this Order's entry date shall be forthwith removed and stricken as against the Property and Sale Assets. All such entities described above in this paragraph are authorized and specifically directed to strike all such recorded Interests against the Property and Sale Assets from their records, official and otherwise.

11) The Trustee shall file this Order on the West Hartford Land Records within seven (7) days of the Closing to provide record notice of the title transfer of the Property and Sale Assets to Juniper and to unconditionally release, discharge, and terminate any Interest to the Property or Sale Assets as of the Closing date.

12) Effective on the Order's entry date, except as otherwise expressly provided in the Contract, all entities with notice of the Motion and their respective successors or assigns, shall be permanently and forever barred, restrained, and enjoined from commencing or continuing any action or other proceeding of any kind against Juniper or its successors, assigns, officers, directors, affiliates, or shareholders, as the alleged successors or otherwise, with respect to any Interests arising out of or related to the Property, Sale Assets, Hampton Ventures or its Chapter 7 bankruptcy estate, Hampton Ventures' business operations before the Closing, or the Sale.

13) This is a final order and is enforceable upon its entry, and to the extent necessary under FRBP 5003, 9014, 9021, and 9002, the Court finds that there is no good reason for delay in implementing this Order and expressly directs judgment entry as set forth herein. The stay imposed by FRBP 6004(h) and 7062 is hereby modified for good and compelling cause, including the risks of diminution of the Chapter 7 bankruptcy estate and loss of a favorable transaction, and shall not apply to the Sale and the Order, and the Trustee is hereby authorized and directed to promptly consummate and close the Sale.

14) Berkshire Hathaway is recognized, and has been previously approved by this Court, as the Property's licensed commercial real estate broker of record. Berkshire Hathaway has been actively marketing and showing the Property since October 2018 through the date hereof to obtain offers for the Property's purchase. The Property was listed for $774,900.00. Berkshire Hathaway received several offers for the Property, with the highest bid for $725,000.00 from Juniper. The marketing and sale process were regularly conducted over a reasonable period of time, so as to elicit multiple competitive offers. Berkshire Hathaway's compensation is subject to application to and approval by this Court.

15) No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale.

16) Juniper shall not be liable for any broker's fee, finder's fee, or similar fee due from the Chapter 7 bankruptcy estate relating in any manner to the Sale.

17) The Sale contemplated hereunder shall not be avoidable under 11 U.S.C. § 363(n).

18) The failure to include specifically any particular provisions of the Contract in the Order shall not diminish or impair the efficacy of such provision, it being the Court's intent that the Contract and each and every provision, term, and condition thereof is authorized and

approved in its entirety, provided however that the Contract may be modified, amended, or supplemented by the parties thereto in a writing signed by all parties without further Court order, provided that any such modification, amendment, or supplementation does not have a materially adverse effect on the Chapter 7 bankruptcy estate.

19) To the extent that there is a conflict between the provisions of this Order and the Contract, this Order shall prevail.

20) Even after the Closing, this Court shall retain jurisdiction to:

   a. Interpret and enforce the terms and provisions of the Order, the Contract, and the related closing agreements;

   b. Protect Juniper, the Property, and Sale Assets from the Interests' claims;

   c. Compel the transfer of rights, title, and interest from the Chapter 7 bankruptcy estate to Juniper, including the delivery of the Property and Sale Assets;

   d. Resolve any disputes arising under or related to the Contract, Sale, Order, or in connection with Juniper's use and enjoyment of the Property and Sale Assets;

   e. Adjudicate all issues concerning any alleged Interest(s) in and to the Property and Sale Assets, including the extent, validity, enforceability, priority, and nature of all such alleged Interests; and

   f. Adjudicate any and all issues or disputes relating to the Trustee's or Hampton Ventures' right, title, or interest in the Property and Sale Assets and the proceeds thereof, the Motion, the Contract, related closing agreement(s), or this Order.

This Order is and shall be effective as a determination that, upon and subject to the Closing's occurrence, all affected Interests have been and hereby are adjudged and declared to be unconditionally released against the Property and Sale Assets.

**IT IS SO ORDERED** at Hartford, Connecticut this 12th day of March 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut